UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WILLIAM PAEZ RUBIANO,**

    **Petitioner,**

v.      Case No: 6:16-cv-785-Orl-37DCI
    (6:14-cr-124-Orl-37DAB)

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER

This case involves an Amended Motion to Vacate, Set Aside, or Correct Sentence ("Amended Motion to Vacate," Doc. 5) pursuant to 28 U.S.C. § 2255 filed by William Paez Rubiano. The Government filed a Response to the Amended Motion to Vacate ("Response," Doc. 7). Petitioner filed a Reply to the Response ("Reply," Doc. 8).

Petitioner asserts one claim for relief, that counsel rendered ineffective assistance by failing to file an appeal after being instructed to do so. For the following reasons, the motion is denied as untimely.

### I.     PROCEDURAL HISTORY

Petitioner was charged by Indictment with importing heroin into the United States (Count One) in violation of 21 U.S.C. §§ 952(a) and 960(b)(3) and possession with intent to distribute heroin (Count Two) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Criminal Case No. 6:14-cr-124-Orl-37DAB, Doc. 11).[1] Petitioner pled guilty as charged. (Criminal Case Doc. 29). The

---

[1] Criminal Case No. 6:14-cr-124-Orl-37DAB will be referred to as "Criminal Case."

Court sentenced Petitioner below his guidelines range to concurrent forty-eight month terms of imprisonment. (Criminal Case Doc. 38). Judgment was entered on September 16, 2014. (*Id.*).

Petitioner did not appeal his conviction or sentence. Petitioner initiated the instant action on May 3, 2016, pursuant to the mailbox rule. (Doc. 1).

## II. ANALYSIS

Pursuant to 28 U.S.C. § 2255, the time for filing a motion to vacate, set aside, or correct a sentence is restricted, as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Under the time limitation set forth in § 2255(f)(1), Petitioner had one year from the date his conviction became final to file a § 2255 motion. Petitioner's Judgment was entered on September 16, 2014, and he did not file a direct appeal. Therefore, his conviction became final on September 30, 2014, when the time for filing an appeal expired. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (a conviction which is not appealed becomes final when the time allowed for filing an appeal expires); *see also* Fed. R. App. P. 4(b)(1)(A)(i). Thus, Petitioner had

through October 1, 2015,, to file his § 2255 motion under § 2255(f)(1). However, Petitioner did not file his motion until May 3, 2016.

In his unsworn and undated Reply received by this Court on August 10, 2016, Petitioner appears to argue that § 2255(f)(4) applies because he did not discover that an appeal had not been filed until "about three months ago when his wife call[ed] the Court asking about his appeal. . . ." (Doc. 1 at 1). Three months prior to August 10, 2016, would have been May 10, 2016, after Petitioner filed his § 2255 motion. The Court, therefore, assumes Petitioner intended to assert he discovered that an appeal had not been filed when his wife called the Court three months before he filed his § 2255 motion.

> As explained by the Eleventh Circuit,
>
> under § 2255(f)(4), the statute of limitations "is triggered by a date that is not necessarily related to a petitioner's actual efforts or actual discovery of the relevant facts." 291 F.3d 708, 711 (11th Cir. 2002). In conducting the inquiry under § 2255(f)(4), the district court should first consider whether the petitioner exercised due diligence. *Id.* If the court finds that he did so, then the one-year limitations period begins to run on the date he actually discovered the relevant facts because the dates of actual and possible discovery would be identical. *Id.* But:
>
>> [I]f the court finds that the petitioner did *not* exercise due diligence, the statute does not preclude the possibility that the petitioner's motion could still be timely under § 2255[f](4). For example, if the court concludes that, with the exercise of due diligence, the relevant facts could have been discovered two months earlier than the petitioner (who it finds did not exercise due diligence) actually discovered them, then the motion would still be timely if filed within ten months of the date of actual discovery.
>
> *Id.* (emphasis in original). Accordingly, if the district court finds that the petitioner did not exercise due diligence, it is required to speculate about the date on which the facts could have been discovered with the exercise of due diligence. *Id.* at 711 n. 1.
>
> Due diligence "does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts." *Id.* at 712. The due diligence inquiry is an individualized inquiry that "must

take into account the conditions of confinement and the reality of the prison system." *Id.* (citation omitted).

*Dauphin v. United States*, 604 F. App'x 814, 817-18 (11th Cir. 2015) (quoting *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002)).

Petitioner sole claim is that his attorney failed to file an appeal despite being directed to do so. Petitioner seemingly contends he discovered that no appeal had been filed approximately three months before he filed his § 2255 motion, which would have been around February 3, 2016. Petitioner has not demonstrated that he exercised due diligence in discovering the facts supporting his claim or in pursuing his rights. First, Petitioner does not assert, or offer any evidence, indicating whether he contacted his attorney concerning his appeal or the dates he did so. *Cf. Aron,* 291 F.3d at 713-14 (remanding case for an evidentiary hearing on whether the petitioner established due diligence where the petitioner provided *sworn* statements and letters demonstrating that he wrote many letters and placed numerous phone calls to his attorney). Even accepting as true Petitioner's unsworn contention that he did not learn until approximately February 2016 that no appeal had been filed, Petitioner offers no explanation why he waited more than a year and seven months after he was sentenced to contact the Court regarding his presumed pending appeal.

A reasonable individual who had directed his attorney to file an appeal would have contacted his attorney within two months from the date of sentencing regarding his appeal if counsel failed to communicate with him. Moreover, if no response was forthcoming from his attorney, a reasonable individual certainly would have contacted the courts to ascertain the status of his appeal within three months after sentencing. In other words, the Court liberally concludes that with due diligence, Petitioner could have discovered that his attorney had failed to file an appeal by no later than December 16, 2014. Assuming Petitioner's limitations period began to run on this date, he would have had until December 17, 2015, to file his § 2255 motion. Thus, the §

2255 motion filed on May 3, 2016, was untimely under § 2255(f)(4).

Petitioner also asserts his § 2255 motion is timely pursuant to § 2255(f)(2). In support of this contention, Petitioner maintains that "after he found out that he did not have a pending appeal he went to the prison library to try an [sic] drafted [sic] his § 2255[,]" but the library did not have any legal materials regarding the statute of limitations or anyone trained to assist him. (Doc. 8 at 2-3). Petitioner notes that he is a Colombian citizen and is untrained in the law. (*Id*. at 3).

The Eleventh Circuit has held:

> "[t]he mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment." *Akins v. United States,* 204 F.3d 1086, 1090 (11th Cir.2000). Rather, "[t]he inmate must show that this inability caused an actual harm, or in other words, unconstitutionally prevented him from exercising that fundamental right of access to the courts in order to attack his sentence or to challenge the conditions of his confinement." *Id.* That is, a prisoner may demonstrate actual injury by establishing that prison officials' actions actually deterred his pursuit of a "non-frivolous post-conviction claim or civil rights action." *See Al–Amin v. Smith,* 511 F.3d 1317, 1332–33 (11th Cir. 2008).

*Stephen v. United States*, 519 F. App'x 682, 683–84 (11th Cir. 2013).

In this case, Petitioner has not established that the inadequacy of the law library or the absence of an individual trained in the law to assist him prevented him from timely pursuing a § 2255 action. Petitioner acknowledges that he did not go to the prison library or seek legal assistance until he learned he had no appeal pending, presumably in February 2016. However, Petitioner's time to file a § 2255 motion had already expired at that point. In other words, Petitioner was not prevented from timely filing his § 2255 motion by governmental action, but instead by his own inaction for approximately a year and seven months in failing to ascertain the status of his presumed appeal. Moreover, despite the purported inadequacy of the law library and the absence of legal assistance, Petitioner was able to file a motion for reduction of sentence containing legal citations and authority during the year following the imposition of his sentence. (Criminal Case

Doc. 41). In sum, the Court concludes Petitioner has failed to establish that § 2255(f)(2) applies.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant motion within the one-year period of limitations and that are not specifically addressed herein have likewise been found to be without merit.[2]

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The Amended Motion to Vacate, Set Aside, or Correct Sentence (Doc. 5) pursuant to 28 U.S.C. § 2255 filed by William Paez Rubiano is **DENIED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:14-cr-124-Orl-37DAB and to terminate the motion (Criminal Case Doc. 51) pending in that case.

4. This Court should grant an application for certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional

---

[2] Petitioner did not argue that he is entitled to equitable tolling. Liberally construing Petitioner's arguments to assert such, however, the Court concludes Petitioner has not established that an extraordinary circumstance beyond his control prevented him from timely filing his motion or that he exercised due diligence. *See, e.g., Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) (noting "[a]n inability to understand English does not constitute extraordinary circumstances justifying equitable tolling[,]" nor does "a lack of a legal education and related confusion or ignorance about the law. . ."); *Miller v. Florida,* 307 F. App'x 366, 368 (11th Cir. 2009) ("[Petitioner's] bare assertions regarding lack of library access are both conclusory and contrary to state statute."); *Paulcin v. McDonough,* 259 F. App'x 211, 213 (11th Cir. 2007) ("Paulcin asserted only the conclusory allegation that he was denied access to the [law] library and his records, but failed to allege how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding.").

right. Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE** and **ORDERED** in Orlando, Florida on May 2nd, 2017.



ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record
William Paez Rubiano